**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fornix Holdings LLC, et al., | No. CV-22-01942-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Unknown Party, et al., | |
| Defendants. | |

On November 23, 2022, the Court issued an *ex parte*[1] Temporary Restraining Order ("TRO") (Doc. 28) in favor of Plaintiffs CP Productions, Inc. ("CP") and Fornix Holdings LLC ("Fornix") (collectively "Plaintiffs") against John Doe #1 d/b/a/ Daftsex.com ("DS") and John Doe #2 d/b/a/ Pornwild.com ("PW") (collectively "Infringing Defendants"). As required by Federal Rule 65(a)(1) and (b)(3), the Court held a show cause hearing ("Hearing") on December 5, 2022, to determine whether the TRO should convert to a Preliminary Injunction ("PI"). The Court instructed Plaintiffs to effectuate service to the Infringing Defendants by email prior to the Hearing, and Plaintiffs complied. (Doc. 35). Despite this, none of the Defendants appeared at the Hearing, and the Court found cause to convert the TRO to a PI. The following is an Order formalizing the Court's oral ruling issuing the Preliminary Injunction.

//

---

[1] The Temporary Restraining Order was *ex parte* with regards to Defendants DS and PW only. Service by Plaintiffs was accomplished on the remaining Defendants prior to the Telephonic Temporary Restraining Order Hearing held on November 21, 2022. (Docs. 9; 10; 11; 12; 13; 14).

## I.     Background[2]

The present matter is based on Plaintiffs' copyright infringement claim against DS and PW. Plaintiffs have produced and distributed 967 adult entertainment photos and videos ("Works"), 157 of which are registered and protected by copyright ("Registered Works"). (Doc. 28 at 2). Plaintiffs allege DS and PW have stolen and promoted Plaintiffs' Works on domain names owned and operated by DS and PW, respectively. (*See generally* Doc. 28 at 3–5).

The Court issued a TRO that granted Plaintiffs injunctive relief against PW, denied injunctive relief against DS,[3] and granted Plaintiffs' request for alternative service and expedited discovery (Doc. 28). In granting Plaintiffs' injunctive relief against PW, the Court (1) ordered Defendant Namecheap, Inc. ("Namecheap") to immediately disable the three domain names <pornwild.com>; <pornwild.to>; and <pornwild-nicepornproxy.com>; and (2) ordered Defendant Cloudflare, Inc. ("Cloudflare") to suspend all services to and place an administrative lock on <pornwild.com>; <pornwild.to>; and <pornwild-nicepornproxy.com>. (Doc. 28 at 15).[4] At the Hearing, Plaintiff represented that Namecheap and Cloudflare have complied with these provisions of the TRO.

However, Plaintiffs alerted the Court at the Hearing that the domain name <pornwild.to> was removed from the Namecheap domain registrar and transferred to an unknown third-party domain registrar just before the TRO was issued. Consequently, Namecheap could not take action to disable the domain name <pornwild.to> and only

---

[2] The Court's TRO contains extensive background information. (*See* Doc. 28 at 2–6). The Court presumes the parties' familiarity with the TRO, and as such, provides only an abbreviated version of the background facts here.

[3] The Court did not grant Plaintiffs injunctive relief against DS because Plaintiffs did not meet the substantive requirements for a TRO. Although Plaintiffs showed a likelihood of success on the merits of their copyright infringement claims against DS (Doc. 28 at 11), Plaintiff did not show a likelihood of irreparable harm or that the balance of equities tipped in their favor because Plaintiffs' Registered Works were removed from DS's three domain names (*Id*. at 12–13).

[4] Defendant Google, LLC, was also enjoined pursuant to the Court's TRO, but has since been dismissed from the action (Doc. 37).

1 disabled <pornwild.com> and <pornwild-nicepornproxy.com> pursuant to the Court's
2 TRO. Plaintiffs further explained <pornwild.to> continues to redirect web browsers to the
3 website <hdpornbay.com>, which is another adult entertainment website. Plaintiffs
4 provided testimony at the Hearing that the domain name <hdpornbay.com> was featuring
5 ten of Plaintiffs' Registered Works. Plaintiffs submitted these ten links to a third-party
6 removal agency that effectively removed Plaintiffs' copyrighted materials from
7 <hdpornbay.com>. Plaintiffs maintain there is no longer any infringing content on
8 <hdpornbay.com>, but urge the court convert the TRO to a preliminary injunction that
9 also applies to <hdpornbay.com>.

## II.     Legal Standard

Preliminary injunctive relief is an "extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, a plaintiff must show: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm if injunctive relief were denied, (3) that the equities weigh in the plaintiff's favor, and (4) that the public interest favors injunctive relief. *Id.* at 20. The movant carries the burden of proof on each element of the test. *See Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1203 (9th Cir. 1980).

The Ninth Circuit also employs a "sliding scale" approach to preliminary injunctions, under which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The issuance of a preliminary injunction may be appropriate when there are "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id*. at 1135. "[C]ourts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief,'" and should be particularly mindful, in exercising their sound

discretion, of the "public consequences in employing the extraordinary remedy of injunction." *Id*. at 24 (citations omitted).

### III. Discussion

The Court will convert the prior TRO against Infringing Defendants into a PI because consideration of the *Winter* factors presently weigh in the Plaintiffs' favor.

#### 1. Likelihood of Success on the Merits

PW's acts likely constitute copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 106. To present a prima facie case of direct copyright infringement, a plaintiff must demonstrate: (1) ownership of the copyright at issue; (2) a violation of an exclusive right set forth in copyright, and (3) causation by the defendant; a plaintiff need not prove damages. *Bell v. Wilmott Storage Servs.*, LLC, 12 F.4th 1065, 1080 (9th Cir. 2021). Plaintiffs have established proof of ownership in providing information of their 157 Registered Works protected by copyright (Doc. 1-1). Plaintiffs have also accounted that at least fourteen Registered Works have appeared on PW's websites <pornwild.com>; <pornwild.to>; and <pornwild-nicepornproxy.com> (Doc. 23-3), and at least ten Registered Works have appeared on the website <hdpornbay.com> as redirected by <pornwild.to>. Theses appearances all occurred without Plaintiffs' permission. The Court agrees that by displaying Plaintiffs' Registered Works, PW undermines Plaintiffs' ability to control the exclusive use and transmission of its copyrighted Works, which constitute protected rights under 17 U.S.C. § 106. Thus, Plaintiffs have established a prima facie case for their copyright claims against PW.

#### 2. Likelihood of Irreparable Harm

Plaintiffs will suffer irreparable injury unless the TRO is converted to a PI because PW, through the domain name <pornwild.to>, appears to continue their infringement practices. First, PW continues to shield their discovery by transferring <pornwild.to> out of the Namecheap domain registrar to a new service provider. *See Pac. Logistics Corp v. Pac. Logistics Priority Mail*, 2019 U.S. Dist. LEXIS 238332, at \*6 (D. Ariz. Sep. 12, 2019) (converting an *ex parte* TRO to a PI because "Defendants may move the domain

name to servers outside the jurisdiction of this Court."). Second, PW continues to redirect web browsers to new or other established websites, namely <hdpornbay.com>. There, Plaintiff's Registered Works can be viewed free of cost. Plaintiffs represent its clients are aware Plaintiffs' Works can be viewed for free on PW's websites and are therefore dissatisfied with their paid memberships. PW's reproduction and display of Plaintiffs' Works are thereby injuring Plaintiffs by loss of profits and damage to their goodwill and reputation to their customer base.

### 3. Balance of Equities

The Court also believes that the balance of equities falls in favor of Plaintiffs. A court order locking the websites owned and operated by PW would stop PW from perpetuating their copyright infringement scheme to the detriment of Plaintiffs' goodwill. *See id.* Failure to issue the PI would cause Plaintiffs to suffer irreparable injury to its intellectual property and reputation and would permit PW to continue using <pornwild.com>; <pornwildnicepornproxy.com>; <pornwild.to>; and <hdpornbay.com> to profit off of Plaintiffs' Registered Works. *See id*. Furthermore, expedited discovery is necessary to generate information regarding the identity of PW, the identities of the registrants operating <pornwild.com>; <pornwildnicepornproxy.com>; <pornwild.to>; and <hdpornbay.com>, and the identity of the third-party domain registrar that <pornwild.to> was transferred to from the Namecheap domain registrar. In sum, the balance of equities tip in Plaintiffs' favor.

### 4. The Public Interest

Plaintiffs have taken extensive efforts to register 157 of its Works, and continue to seek registration for the remaining 810 of its Works. (See Doc. 1-2 at 2–6). The Court finds it is the public's interest to preserve Plaintiffs' exclusive rights in their Registered Works and protect their interests against copyright infringement. 17 U.S.C. § 106.

## IV. CONCLUSION

For these reasons, the Court converts its TRO to a Preliminary Injunction. The Court grants Plaintiffs injunctive against PW and also grants Plaintiffs' requests for

alternative service and expedited discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' requests that the Temporary Restraining Order (Docs. 2, 28) be converted to a Preliminary Injunction are **GRANTED**.

**IT IS FURTHER ORDERED** that that Plaintiffs' request for alternative service of this Order is granted.  Plaintiffs are to serve Defendant John Doe #1 doing business as DaftSex.com website and Defendant John Doe #2 doing business as PornWild.com website within two days of the issuance of this Order. Plaintiffs' counsel shall execute service to Defendant John Doe #2 doing business as PornWild.com website via the email address at 43271254b4af449b89a9d684df665322.protect@withheldforprivacy.com and to Defendant John Doe #1 doing business as DaftSex.com website via the email address at daftsex.com@myprivacy.net and via any email or mailing address provided by Namecheap that is associated with the seven domain names <pornwild.com>; <pornwild.to>; and <pornwild-nicepornproxy.com>; <hdpornbay.com>; <daftsex.com>; <daftsex.tv>; and <daftsex.porn>.

**IT IS FURTHER ORDERED** that Defendant Namecheap is to immediately disable the four domain names <pornwild.com>; <pornwildnicepornproxy.com>; <pornwild.to>;  and <hdpornbay.com>.

**IT IS FURTHER ORDERED** Defendant Cloudflare shall continue to (a) suspend all services to the four domain names <pornwild.com>; <pornwildnicepornproxy.com>; <pornwild.to>; and <hdpornbay.com>, including but not limited to any website infrastructure, security, content-delivery, or hosting services, and (b) place an administrative lock on <pornwild.com>; <pornwildnicepornproxy.com>; <pornwild.to>; and <hdpornbay.com> after suspension of services takes place to prevent Defendant John Doe #2 doing business as PornWild.com website or any third party from accessing or downloading the content of <pornwild.com>; <pornwildnicepornproxy.com>;  <pornwild.to>;  and  <hdpornbay.com> and/or

transferring such content to another domain name or hosting service.

**IT IS FURTHER ORDERED** that Plaintiffs shall continue to engage in expedited discovery with Defendants Namecheap and Cloudflare regarding the identities of the owners and operators of Defendant John Doe #1 doing business as DaftSex.com website and Defendant John Doe #2 doing business as PornWild.com website. If Defendants Namecheap and Cloudflare have information leading to the discovery of the owners or registers of the seven domain names <pornwild.com>; <pornwildnicepornproxy.com>; <pornwild.to>; <hdpornbay.com>; <daftsex.com>; <daftsex.tv>; and <daftsex.porn>, they shall produce that information.

**IT IS FURTHER ORDERED** that in the event the Infringing Defendants appear in this action, a trial on the merits is set for April 3, 2023, at 10:00 a.m. The Clerk of Court shall vacate the trial upon any entry of default entered against Infringing Defendants.

Dated this 6th day of December, 2022.

Honorable Diane J. Humetewa
United States District Judge