**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fornix Holdings LLC, et al., | No. CV-22-01942-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Unknown Party, et al., | |
| Defendants. | |

Fornix Holdings LLC and CP Productions Incorporated (collectively "Plaintiffs") have filed a Motion for Entry of Default Judgment (Doc. 62) against Defendants John Doe #1 d/b/a/ Daftsex.com ("DS") and John Doe #2 d/b/a/ Pornwild.com ("PW") (collectively "the Infringing Defendants"). The Infringing Defendants were served with the Complaint, Summons, and this Motion; however, they have not answered or otherwise appeared in this action. The Court must decide whether default judgment is proper under Federal Rule of Civil Procedure 55. For the following reasons, the Court grants, in part, Plaintiffs' Motion. The Court will enter declaratory relief against DS and PW and issue a permanent injunction against PW.

**I.   BACKGROUND[1]**

This matter stems from Plaintiffs' copyright infringement claims against DS and PW. Plaintiffs have produced and distributed 967 adult entertainment photos and videos

---

[1] The Court's prior Orders contain extensive background information. (*See* Docs. 28; 41) The Court presumes the parties' familiarity with case and thus provides only an abbreviated version of the background facts here.

("Works"), 157 of which are registered and protected by copyright. (Doc. 28 at 2). Plaintiffs allege DS and PW have stolen and promoted Plaintiffs' Works on domain names owned and operated by DS and PW, respectively. (*See generally* Doc. 28 at 3–5).

On November 23, 2022, the Court issued a Temporary Restraining Order (the "TRO") (Doc. 28) that granted Plaintiffs injunctive relief against PW, denied Plaintiffs injunctive relief against DS, and granted Plaintiffs' request for alternative service and expedited discovery. In granting Plaintiffs injunctive relief against PW, the Court (1) ordered Namecheap, Inc. ("Namecheap")[2] to immediately disable PW's three domain names; and (2) ordered Defendant Cloudflare, Inc. ("Cloudflare") to suspend all services to and place an administrative lock on PW's three domain names. (Doc. 28 at 15).[3] On December 6, 2022, the Court converted the TRO into a Preliminary Injunction (the "PI") (Doc. 41) that also applied to a fourth domain name operated by PW.[4]

## II. LEGAL STANDARD

Once a party's default has been entered, the district court has discretion to grant default judgment against that party. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

Once a court finds jurisdiction, it must consider: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the

---

[2] Namecheap was originally named as defendant in this case. The parties later stipulated to dismiss Namecheap as defendant (Doc. 65), which the Court granted. (Doc. 66).

[3] The TRO applied to the following domain names operated by PW: <pornwild.com>; <pornwild.to>; and <pornwildnicepornproxy.com>.

[4] The PI applied to the following domain names operated by PW: <pornwild.com>; <pornwild.to>; and <pornwildnicepornproxy.com>; <hdpornbay.com>.

strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

## III. *Eitel* factors

The Court has original jurisdiction over this matter because the Complaint contains a federal cause of action arising out the Copyright Act of 1976, 17 U.S.C. § 501. *See* 28 U.S.C. § 1331. Plaintiffs have also established this Court may exercise jurisdiction over the Infringing Defendants. (Doc. 28 at 10). Having found subject matter jurisdiction and personal jurisdiction over the Infringing Defendants, the Court will proceed to assess the merits of Plaintiffs' Motion for Default Judgment under the *Eitel* factors.

### A. Possibility of Prejudice to Plaintiff

The Infringing Defendants have not responded or otherwise appeared in this action Thus, without an entry of default judgment, Plaintiffs' damages would remain unrelieved. This factor therefore favors default judgment.

### B. Merits of Plaintiff's Claim and Sufficiency of Complaint

"Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief upon which the plaintiff may recover. *See Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978)); *Pepsico, Inc.*, 238 F. Supp. 2d at 1175. "Upon entry of default, the facts alleged to establish liability are binding upon the defaulting party." *Danning*, 572 F.2d at 1388. "However, it follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Id*.

Plaintiffs allege the Infringing Defendants are liable for willful copyright

infringement under 17 U.S.C. § 501.  To present a *prima facie* case of direct copyright infringement, a plaintiff must demonstrate: (1) ownership of the copyright at issue; (2) a violation of an exclusive right set forth in copyright, and (3) causation by the defendant; a plaintiff need not prove damages. *Bell v. Wilmott Storage Servs., LLC*, 12 F.4th 1065, 1080 (9th Cir. 2021) (citing *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017)).  The Court finds that the Complaint sufficiently alleged each of these elements. (Docs. 1 at ¶¶ 98–103; 1-1; 1-2); *see also Geddes*, 559 F.2d at 560 ("[T]he factual allegations of the complaint . . . will be taken as true.").

Furthermore, to prove that the alleged infringement was "willful" under the Copyright Act, a plaintiff must show "(1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." *Erickson Prods. v. Kast*, 921 F.3d 822, 833 (9th Cir. 2019) (quoting *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 991 (9th Cir. 2017)).  Plaintiffs stated that each of their copyrighted Works contained the following announcement:

> This video contains a unique 'Digital Identification' code. The code can identify the Member who shares it. (See autograph.xvid.com)[.] This video is copyright and trademark registered. It's illegal to share! Criminal Copyright Code: 17 U.S.C. 506(a) and 18 U.S.C. 2139(c).

(Doc. 1 at ¶ 42).  The Court therefore finds the Complaint sufficiently alleged that the Infringing Defendants were aware of their infringing activity.  *Geddes*, 559 F.2d at 560.

Thus, the second and third factors also weigh in favor of granting the Motion.

**C.     Sum of Money at Stake**

Regarding the fourth factor, the Court considers the amount of money at stake in relation to the seriousness of a defendant's conduct. *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002).  "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Gemmel v. Systemhouse, Inc.*, 2008 WL 65604, at *4 (D. Ariz. Jan. 3, 2008).  Although Plaintiffs

sought monetary relief in their Complaint, Plaintiffs clarify in their Motion that they now seek injunctive relief only. (Doc. 62-3 at 12). This factor therefore favors entering default judgment.

### D. Potential Disputes of Material Fact

The time has passed for the Infringing Defendant to dispute the Complaint's allegations. At this stage, the allegations are taken as true. *See Geddes*, 559 F.2d at 560. Therefore, the possibility of dispute is low. This fifth *Eitel* factor favors entering default judgment.

### E. Excusable Neglect

With the Court's permission, Plaintiffs served via email the Complaint, Application for TRO, Summons, the TRO, and the PI on the Infringing Defendants. (Docs. 35; 43; 45).[5] Plaintiffs used the email addresses that the Infringing Defendants listed with their service providers, Namecheap and Defendant Cloudflare. (Doc. 62-3 at 6–7). There is no indication that the Infringing Defendants' failure to defend this action is due to excusable neglect. Therefore, the sixth factor favors entering default judgment.

### F. Policy Favoring Decisions on the Merits

The Court is unable to reach the merits of this case because the Infringing Defendants have failed to plead or otherwise defend this action. Therefore, this final factor weighs against granting default judgment.

Overall, the *Eitel* factors support an entry of default judgment against the Infringing Defendants.

## IV. Relief

Having found that entry of default judgment is proper, the Court must determine

---

[5] Plaintiffs served DS at the following email addresses:
<2b6212b21848400c91353e0f5a6b35a1.protect@withheldforprivacy.com>;
<daftsex.com@myprivacy.net>;
<addqqa@gmail.com>; and
<bdnul@mail.ru>.

Plaintiffs served PW at the following email address:
<43271254b4af449b89a9d684df665322.protect@withheldforprivacy.com>.

what relief Plaintiffs are entitled to.  As mentioned, Plaintiffs clarify in their Motion that they now seek declaratory and injunctive relief only.  "Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Est. Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988).  Relief may not differ in kind or exceed what was demanded in the pleadings.  Fed. R. Civ. P. 54(c).  This is so a defendant may know from the complaint what the potential award may be, and the defendant may then decide whether a response is worthwhile.  *See Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007).  Therefore, the Court will compare (a) the relief requested in Plaintiffs' Complaint; and (b) the relief granted in the TRO and subsequent PI; with (c) the relief requested in Plaintiffs' present Motion.

### A. Relief Requested in Plaintiffs' Complaint

Plaintiffs' Complaint sought injunctive relief in two forms.  First, Plaintiffs sought a declaration that the Infringing Defendants directly and willfully infringed Plaintiffs' copyrights. (Doc. 1 at 15).  Second, Plaintiffs sought a permanent injunction enjoining the Infringing Defendants, as well as their officers, agents, servants, employees, and attorneys, from future infringement of Plaintiffs' copyrights.  (*Id*. at 15–16).  To prevent future infringement, Plaintiffs requested an order from the Court requiring the Infringing Defendants to take, "including but not limited to," the following actions:

(1) deactivate and cancel the DS Domain Names and PW Domain Names and bar such domain names from re-registration;

(2) deactivate the DS Websites and PW Websites and permanently delete all information stored thereon relevant to Plaintiffs' Works,

(3) delete all copies of Plaintiffs' Works that have been uploaded to any third party websites;

(4) cease the provision of all internet services for the maintenance or operation of the DW Websites and PW Websites, including but not limited to domain name registration, hosting, security, content delivery, and reverse proxy services; and

(5) remove the DS Website and the PW Website from internet search results.

(*Id.*)  Plaintiffs also requested the Court "[g]rant to Plaintiffs any further relief, either in law or in equity, to which this Court deems it fit to receive."  (*Id.* at 16).

### B. Relief Granted in the TRO and Subsequent PI

This Court has already determined that Plaintiffs are entitled to injunctive relief against PW, but not DS.  (Docs. 28; 41).  Relevant here, the Court granted Plaintiffs the following relief in the TRO and subsequent PI:

(1) Namecheap shall disable the four domain names <pornwild.com>; <pornwildnicepornproxy.com>; <pornwild.to>; and <hdpornbay.com>;

(2) Defendant Cloudflare shall (a) suspend all services to PW's four domain names, including but not limited to any website infrastructure, security, content-delivery, or hosting services; and (b) place an administrative lock on PW's four domain names after suspension of services takes place to prevent PW or any third party from accessing or downloading the content of PW's domain names and/or transferring such content to another domain name or hosting service.

(Docs. 28 at 15–16; 41 at 6–7).

The Court denied Plaintiffs injunctive relief against DS because Plaintiffs did not meet the substantive requirements for a TRO: although Plaintiffs showed a likelihood of success on the merits of their copyright infringement claims against DS, Plaintiff did not show a likelihood of irreparable harm or that the balance of equities tipped in their favor because Plaintiffs' Registered Works were removed from DS's three domain names <daftsex.com>; <daftsex.tv>; and <daftsex.porn>.[6]  (Docs. 41 at 2 n.3; 28 at 12–13).

### C. Relief Requested in Plaintiffs' Motion

Plaintiffs now seek declaratory and injunctive relief in their Motion for Default

---

[6] This is presumably due to the permanent injunction issued by the United States District Court for the Western District of Washington against Vasily Kharchenko, who was revealed to be the website operator of DaftSex.com.  *See* Order on Final Judgment and Permanent Injunction, *MG Premium Ltd v. Kharchenko*, No. 3:21-cv-05733-BHS (W.D. Wash. Nov. 7, 2022), ECF No 28; (*See* Doc. 28 at 4).

- 7 -

Judgment. Regarding declaratory relief, the Court has found that the Complaint sufficiently alleged that the Infringing Defendants directly infringed Plaintiffs' copyrights and were aware of their infringing activity. *See supra* Section III.B. The Court will therefore grant Plaintiffs a declaration against DS and PW stating as much.

Regarding injunctive relief, Plaintiffs seek the same types of injunctive relief as that identified in the Complaint and awarded in the TRO and PI. Plaintiffs also request additional relief that differs from the TRO and PI in three ways. First, Plaintiffs reargue that the Court should issue a permanent injunction against DS. However, Plaintiffs' Registered Works were removed from DS's three domain names and there is no evidence on the record showing that Plaintiffs' Registered Works have reappeared since. And although Plaintiffs state DS has created a fourth domain, <daftsex.gg>, Plaintiffs concede that <daftsex.gg> "does not currently contain copies of Plaintiffs' Works[.]" (Doc. 62-3 at 4). Therefore, the Court declines to revisit its prior ruling that Plaintiffs are not entitled to injunctive relief against DS.

Second, Plaintiffs reargue that the Court should require the Infringing Defendants' service providers to transfer the associated domain names to Plaintiffs' possession. (Doc. 62-3 at 15–17). However, the Court previously denied Plaintiffs' transfer request in issuing the TRO. (*See* Docs. 23 at 3; 2-1 at 25). The Court explained "the balance of equities does not favor that Plaintiffs be allowed to control the Infringing Websites domain names. This is because the Infringing Websites contain material other than Plaintiffs' Works." (Doc. 28 at 13). Plaintiffs have not stated any changed circumstances that would alter this ruling. Therefore, the Court declines to revisit its prior ruling that Plaintiffs are not entitled to control the Infringing Defendants' domain names. Disabling, suspending all services to, and placing an administrative lock on the domain names are sufficient injunctive relief.

Last, Plaintiffs seek injunctive relief against a fifth domain name created by PW: <pornwild.su>. Plaintiffs state <pornwild.su> was purchased on December 12, 2022, which is after the Court issued the PI. (Doc. 62-3 at 5–6). Plaintiffs further allege that

PW redirects traffic from <pornwild.to> to <pornwild.su>. (*Id.*) The Court will therefore grant Plaintiffs injunctive relief relating to <pornwild.su> under these circumstances.

## V.     CONCLUSION

In sum, the Court finds subject matter jurisdiction over the present action, personal jurisdiction over the Infringing Defendants, and that the *Eitel* factors support an entry of default judgment. The Court will grant the declaratory and injunctive relief requested in Plaintiffs' Motion to the extent it is within the scope of the Complaint and PI. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from . . . what is demanded in the pleadings."). The Court will also grant Plaintiffs injunctive relief regarding PW's fifth domain name, <pornwild.su>. Because the Infringing Defendants have refused to participate in this matter at any juncture, the Court will lift the automatic stay that otherwise would delay execution on the judgment for 30 days under Federal Rule of Civil Procedure 62(a).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Fornix Holdings LLC and CP Productions Incorporated's Motion for Entry of Default Judgment (Doc. 62) is **GRANTED in part**. Finding no just reason for delay, pursuant to Rule 54(b), the Clerk is kindly directed to enter judgment in favor of Plaintiffs for all of the claims against Defendants John Doe #1 d/b/a/ Daftsex.com and John Doe #2 d/b/a/ Pornwild.com in its Complaint.

**IT IS FURTHER ORDERED** that Plaintiffs Fornix Holdings LLC and CP Productions may file a motion for costs and attorneys' fees against Infringing Defendants **within fourteen (14) days** of the entry of this Order

**IT IS FURTHER ORDERED** that Plaintiffs Fornix Holdings LLC and CP Productions and Defendant Cloudflare Inc. shall file a status report or stipulation to terminate the case **within fourteen (14) days** of the entry of this Order.

**IT IS FURTHER ORDERED** entering the following declaration:

1. This Court has personal jurisdiction over Defendant John Doe #1 d/b/a/ Daftsex.com ("DS") and Defendant John Doe #2 d/b/a/ Pornwild.com ("PW")

(collectively the "Infringing Defendants") and jurisdiction over the subject matter at issue pursuant to 28 U.S. C. §§ 1331 and 1338. This Court has continuing jurisdiction to enforce the terms and provisions of this Default Judgment and Permanent Injunction.

2. Plaintiffs have valid and enforceable copyrights in the audiovisual works provided in Exhibit A ("Copyrighted Works").

3. Defendant DS has committed the following acts:
   a. Registered the domain names <daftsex.com>, <daftsex.porn>, <daftsex.tv>, and <daftsex.gg> ("DS Websites") to operate a website, "Daft Sex" for the below described acts ("DS Infringing Website");
   b. Unlawfully created unauthorized copies of the Copyrighted Works for further unauthorized display and distribution via the DS Infringing Website;
   c. Unlawfully publicly displayed and/or authorized others to publicly display still frames of the Copyrighted Works on the DS Infringing Website;
   d. Unlawfully reproduced and distributed and/or authorized others to reproduce and distribute the Copyrighted Works;
   e. Promoted the availability of the Copyrighted Works through the Infringing Website; and
   f. Continued the acts detailed in ¶¶ (a)–(e) above after receiving notice of infringement from Plaintiffs, and after the commencement of this action.

4. Defendant PW has committed and continues to commit the following acts:
   a. Registered the domain name <pornwild.com>, and either itself or induced others to register the domain names <pornwild.to>, <pornwild-to.nicepornproxy.com>, <hdpornbay.com>, and <pornwild.su> ("PW Websites") to operate websites, "Porn Wild" or later "HD Porn Bay" ("PW Infringing Websites"), for the below described acts;
   b. Unlawfully created unauthorized copies of the Copyrighted Works for further unauthorized display and distribution via the PW Infringing

        Websites;

    c.    Unlawfully publicly displayed and/or authorized others to publicly display still frames of the Copyrighted Works on the PW Infringing Websites;

    d.    Unlawfully reproduced and distributed and/or authorized others to reproduce and distribute the Copyrighted Works;

    e.    Promoted the availability of the Copyrighted Works through PW Infringing Website; and

    f.    Continued the acts detailed in ¶¶ (a)–(e) above after receiving notice of infringement from Plaintiffs, after the commencement of this action, and after and in violation of the Preliminary Injunction Order in this action (Doc. 41).

5.    The Infringing Defendants' acts constitute direct infringement of Plaintiffs' Copyrighted Works in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

**IT IS FURTHER ORDERED** entering the following injunction against Defendant PW:

1.    Defendant PW, and all of its' officers, agents, servants and employees, and all those persons or entities acting in active concert or participation with Defendant PW, and all persons and entities who receive actual notice of this Order, are immediately and permanently enjoined from engaging in any of the following activities:

    a.    Storing, reproducing, displaying, or distributing any of the Copyrighted Works;

    b.    Transmitting, retransmitting, assisting in the transmission of, requesting transmission of, streaming, hosting or providing unauthorized access to, or otherwise publicly performing, directly or indirectly, by means of any device or process, any of the Copyrighted Works;

    c.    Selling, advertising, marketing, or promoting any of the Copyrighted Works;

    d.    Creating, operating, maintaining, or managing any website in support of the activities described in ¶¶ (a)–(c);

     e.    Registering, owning, receiving, or transferring any domain name in support of the activities described in ¶¶ (a)–(d);

     f.    Creating or providing assistance to others who wish to engage in the activities described in ¶¶ (a)–(e).

2. Defendant PW is further immediately and permanently enjoined from engaging in any activities having the object or effect of fostering infringement of Plaintiffs' Copyrighted Works, whether through the PW Infringing Websites or otherwise, including without limitation engaging in any of the following activities:

     a.    Advertising or promoting unauthorized access to or the availability of Plaintiffs' Copyrighted Works;

     b.    Encouraging or soliciting others to transmit or reproduce Plaintiffs' Copyrighted Works;

     c.    Encouraging or soliciting others to upload, post or index any files that constitute, correspond, point or lead to any of Plaintiffs' Copyrighted Works;

     d.    Encouraging or soliciting others to offer transmission of Plaintiffs' Copyrighted Works;

     e.    Providing technical assistance, support services or servers to others engaged in infringement of, or seeking to infringe, Plaintiffs' Copyrighted Works;

     f.    Creating, maintaining, highlighting or otherwise providing access to lists or forums that include, refer to or signal the availability of Plaintiffs' Copyrighted Works;

     g.    Including references to Plaintiffs' Copyrighted Works in any promotional materials; and

     h.    Creating, maintaining or providing access to the Infringing Websites or copies thereof.

3. Defendant PW shall not enter into any agreement or transaction whatsoever to sell, lease, license, assign, convey, distribute, loan, encumber, pledge or otherwise transfer, whether or not for consideration or compensation, any part of the system,

software, source code, data file, other technology, or domain names used in connection with the PW Infringing Websites.

4. Namecheap, Inc., as registrar of the domain names <pornwild.com>, <pornwild-to.nicepornproxy.com> and upon notice of this Order, is directed to:

   a. Immediately, upon service copies of this order and moving papers by email at mvasta@fclaw.com and tkartchner@fennemorelaw.com, disable the <pornwild.com>, <pornwild-to.nicepornproxy.com> domain names specified by Plaintiffs, through a registry hold or otherwise, to prevent Defendant PW from transferring, redirecting, or changing the status of the said domain names; and

   b. Suspend any services for <pornwild.com>, <pornwild-to.nicepornproxy.com> to Defendant PW.

5. Defendant Cloudflare, Inc., as the website hosting and security service provider for <pornwild.com>, <pornwild-to.nicepornproxy.com>, is directed to:

   a. Immediately, upon notice of this Order, suspend any services to the website at <pornwild.com> and <pornwild-to.nicepornproxy.com>, and place an administrative lock on the website to prevent accessing and downloading the content of the website or transferring the content to another domain name or hosting service, pending further Order of this Court; and

   b. Suspend any services to Defendant PW.

6. Tucows, Inc., as registrar of the domain name <hdpornbay.com> is directed to:

   a. Immediately, upon service copies of this order, complaint, and moving papers by email at compliance@tucows.com, disable the said domain name and place a registry hold on the domain name, to prevent Infringing Defendants from transferring, redirecting, or changing the status of the said domain name; and

   b. Suspend any services for <hdpornbay.com>.

7. ClouDNS, as the website hosting and security service provider for <pornwild.to>,

&lt;pornwild.su&gt;, and &lt;hdpornbay.com&gt;, is directed to:

    a. Immediately, upon service copies of this order, complaint, and moving papers by email at abuse@cloudns.net, disable the said domain name and place a registry hold on the domain name, to prevent Defendant PW from transferring, redirecting, or changing the status of the said domain name;

    b. Immediately, upon notice of this order, suspend any services to the website at &lt;pornwild.to&gt;, &lt;hdpornbay.com&gt;, and &lt;pornwild.su&gt; and place an administrative lock on the website to prevent accessing and downloading the content of the website or transferring the content to another domain name or hosting service, pending further Order of this Court; and

    c. Suspend any services to Defendant PW.

8. Service by email upon Defendant DS via addqqa@gmail.com and Defendant PW via 43271254b4af449b89a9d684df665322. protect@withheldforprivacy.com of a copy of the Default Judgment and Permanent Injunction once entered by the Court is deemed sufficient notice to the Infringing Defendants under Federal Rule of Civil Procedure 65. It shall not be necessary for the Infringing Defendants to sign any form of acknowledgement of service.

9. Service via Electronic Case Filing upon Defendant Cloudflare, Inc. of a copy of this Order entering Default Judgment and a Permanent Injunction is deemed sufficient notice to Defendant Cloudflare, Inc. under Federal Rule of Civil Procedure 65. It shall not be necessary for and Defendant Cloudflare, Inc. to sign any form of acknowledgement of service.

10. Violation of this Permanent Injunction shall expose Defendant PW and all other persons bound by this Permanent Injunction to all applicable penalties, including contempt of Court.

/ / /

/ / /

/ / /

- 14 -

11. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Default Judgment and Permanent Injunction.

Dated this 15th day of June, 2023.

*[signature]*

Honorable Diane J. Humetewa
United States District Judge

**EXHIBIT A**

| Registration No. | Title of Work | Registration Status | Registration Date |
|---|---|---|---|
| PAu 3-951-738 | Angelica-Elise 2nd Visit | Registered | 12/27/18 |
| PA 2-166-808 | Asher's 2nd Visit | Registered | 2/12/19 |
| PA 2-145-747 | Becky's 2nd Visit | Registered | 11/15/18 |
| PA 2-136-452 | Becky's Test Visit | Registered | 9/20/18 |
| PA 2-103-133 | Bi-Girls 1st Visit | Registered | 2/12/18 |
| PAu 3-916-346 | Bi-Girls 2nd Visit | Registered | 5/3/18 |
| PA 2-071-956 | BJ's 6th Visit | Registered | 1/20/18 |
| PAu 3-961-029 | BJ's 7th Visit | Registered | 9/14/18 |
| PA 2-135-802 | Cheyenne's 2nd Visit | Registered | 9/14/18 |
| PA 2-071-948 | Cousin's 2nd Visit | Registered | 1/20/18 |
| PA 2-098-406 | Danika's 3rd Visit | Registered | 1/24/18 |
| PA 2-128-564 | Daphne's 1st Visit | Registered | 6/8/18 |
| PA 2-138-088 | Debra's 1st Visit | Registered | 10/4/18 |
| PA 2-155-202 | Debra's 2nd Visit | Registered | 12/27/18 |
| PA 2-128-230 | Doran's Test Visit | Registered | 7/19/18 |
| PA 2-072-149 | Erika's 3rd Visit | Registered | 1/20/18 |
| PA 2-127-359 | Erora's 1st Visit-Duplicate | Registered | 7/5/18 |
| PA 2-128-561 | Erora's 1st Visit | Registered | 7/11/18 |
| PA 2-128-226 | Fadden's 1st Visit | Registered | 7/19/18 |
| PA 2-100-534 | Felecia's 1st Visit | Registered | 2/2/18 |
| PA 2-122-769 | Finley's 2nd Visit | Registered | 5/27/18 |
| PA 2-166-802 | Folana's 1st Visit | Registered | 2/12/19 |
| PA 2-071-957 | Francesca & Finley Gangbang | Registered | 1/20/18 |
| PA 2-156-574 | Francesca & Finley Visit - Duplicate | Registered | 8/26/18 |
| PA 2-071-706 | Francesca & Finley Visit | Registered | 1/20/18 |
| PA 2-103-555 | Francesca's 4th Visit | Registered | 2/19/18 |
| PA 2-150-325 | Francesca's 5th Visit | Registered | 10/19/18 |
| PA 2-102-877 | GH Girlfriend 1-1 | Registered | 2/3/18 |
| PA 2-102-878 | GH Girlfriend 1-2 | Registered | 2/3/18 |
| PA 2-102-880 | GH Girlfriend 1-3 | Registered | 2/3/18 |
| PA 2-102-881 | GH Girlfriend 1-4 | Registered | 2/3/18 |
| PA 2-109-666 | GH Girlfriend 1-5&6 | Registered | 3/29/18 |
| PA 2-133-941 | GH Girlfriend 1-8 | Registered | 8/26/18 |
| PA 2-149-638 | GH Girlfriend | Registered | 12/7/18 |
| PAu 3-927-649 | GH Wife 1-14 | Registered | 8/2/18 |
| PAu 3-944-299 | GH Wife 1-15 | Registered | 11/21/18 |
| PAu 3-963-396 | GH-A060 | Registered | 2/27/19 |
| PA 2-172-891 | GH-A063 | Registered | 3/9/19 |
| PA 2-172-890 | GH-A067B | Registered | 3/9/19 |
| PA 2-179-051 | GH-A074B | Registered | 3/27/19 |
| PA 2-179-050 | GH-A081 | Registered | 3/27/19 |
| PAu 3-970-741 | GH-A088 | Registered | 3/27/19 |
| PA 2-179-613 | GH-A091 | Registered | 4/3/19 |
| PA 2-183-318 | GH-A095-Duplicate | Registered | 4/12/19 |
| PAu 3-971-092 | GH-A095 | Registered | 4/3/19 |
| PA 2-183-319 | GH-A102 | Registered | 4/12/19 |
| PAu 3-973-956 | GH-A109 | Registered | 4/17/19 |
| PA 2-188-640 | GH-A112 | Registered | 5/3/19 |
| PA 2-188-642 | GH-A116 | Registered | 5/3/19 |
| PA 2-188-659 | GH-A119 | Registered | 5/3/19 |

| | | | |
|---|---|---|---|
| PA 2-157-725 | New Girl Review | Registered | 1/11/19 |
| PA 2-105-014 | Nicolette's 1st Visit | Registered | 2/28/18 |
| PA 2-071-958 | Ora's 1st Visit | Registered | 1/20/18 |
| PA 2-105-208 | Ora's 2nd Visit | Registered | 3/1/18 |
| PA 2-071-952 | Pamala's 1st Visit | Registered | 1/20/18 |
| PA 2-107-780 | Parker's 2nd Visit | Registered | 3/16/18 |
| PA 2-127-361 | Parlia's 1st Visit | Registered | 7/5/18 |
| PAu 3-938-043 | Parlia's 2nd Visit | Registered | 10/24/18 |
| PA 2-122-018 | Patricia's 1st Visit | Registered | 5/27/18 |
| PAu 3-925-331 | Patricia's 2nd Visit | Registered | 7/11/18 |
| PA 2-155-205 | Patricia's 3rd Visit | Registered | 12/27/18 |
| PA 2-138-090 | Patty's Test Visit | Registered | 10/4/18 |
| PA 2-098-181 | Paulina B's 1st Visit | Registered | 1/23/18 |
| PA 2-109-668 | Paulina B's 2nd Visit | Registered | 3/29/18 |
| PA 2-098-184 | Quincy's 2nd Visit | Registered | 1/23/18 |
| PA 2-145-735 | Remi's Test Visit | Registered | 11/14/18 |
| PAu 3-944-305 | Remi's 2nd Visit | Registered | 11/21/18 |
| PA 2-108-864 | Renee's 1st Visit | Registered | 3/23/18 |
| PA 2-133-940 | Shira's 1st Visit | Registered | 8/26/18 |
| PA 2-125-760 | Shira's 2nd Visit | Registered | 6/21/18 |
| PA 2-127-358 | Sierra's 1st Visit | Registered | 6/21/18 |
| PA 2-130-530 | Sierra's 2nd Visit | Registered | 7/31/18 |
| PAu 3-916-352 | Tabor's 1st Visit | Registered | 5/3/18 |
| PA 2-127-357 | Tabor's 2nd Visit | Registered | 7/5/18 |
| PA 2-149-636 | Tabor's 3rd Visit | Registered | 12/7/18 |
| PA 2-071-715 | Takosha's 1st Visit | Registered | 1/20/18 |
| PA 2-117-469 | Takosha's 2nd Visit | Registered | 5/3/18 |
| PAu 3-931-892 | Tally's 2nd Visit | Registered | 9/20/18 |
| PA 2-128-562 | Vartel's Test Visit | Registered | 7/11/18 |
| PAu 3-961-223 | Veena's 1st Visit | Registered | 2/12/19 |
| PA 2-144-882 | Vivian's 1st Visit | Registered | 6/21/18 |
| PA 2-135-803 | Wynter-Hanna | Registered | 9/14/18 |
| PA 2-135-801 | Wynter's 1st Visit | Registered | 9/14/18 |
| PAu 3-933-868 | Xia-Wynter | Registered | 10/4/18 |
| PA 2-135-806 | Xia's 2nd Visit | Registered | 9/14/18 |
| PA 2-132-439 | Xia's Test Visit | Registered | 8/20/18 |
| PA 2-098-400 | Yana's 3rd Visit-Duplicate | Registered | 1/24/18 |
| PA 2-163-960 | Yana's 3rd Visit | Registered | 8/26/18 |
| PA 2-072-152 | Yvette's 1st Visit | Registered | 1/20/18 |
| PA 2-130-529 | Zelda's Test Visit | Registered | 7/31/18 |
| PA 2-335-733 | GH-C274-2 | Registered | 12/23/21 |
| PA 2-335-732 | GH-C281 | Registered | 12/24/21 |
| PA 2-338-359 | GH-C285 | Registered | 1/6/22 |
| PA 2-336-041 | GH-C288-2 | Registered | 12/24/21 |
| PA 2-336-046 | GH-C295-2 | Registered | 12/24/21 |
| PA 2-336-032 | GH-C302-2 | Registered | 12/24/21 |
| PA 2-336-654 | GH-C309-2 | Registered | 12/26/21 |
| PA 2-338-360 | GH-CBNCD | Registered | 1/6/22 |
| PA 2-336-652 | GH-CBNCG | Registered | 12/26/21 |
| PA 2-336-653 | GH-CBNP | Registered | 12/26/21 |
| PA 2-335-926 | GH-CBNW-2 | Registered | 12/26/21 |

| | | | |
|---|---|---|---|
| PA 2-335-734 | GH-CBPCE-2 | Registered | 12/23/21 |
| PA 2-335-925 | GH-CBPD-2 | Registered | 12/26/21 |
| PA 2-338-362 | GH-CBPDB-2 | Registered | 1/6/22 |
| PA 2-335-924 | GH-CBPM-2 | Registered | 12/26/21 |
| PA 2-336-338 | GH-CBPU-2 | Registered (by Graves) | 12/24/21 |
| PAu 4-125-273 | GH-ZBCJ-2 | Registered | 1/25/22 |
| PA 2-338-357 | GH-ZBH-2 | Registered | 1/6/22 |
| PAu 4-124-215 | GH-ZBR-2 | Registered | 1/12/22 |
| PAu 4-124-818 | GH-ZBY-2 | Registered | 1/20/22 |
| PAu 4-128-783 | GH-ZCCF-2 | Registered | 2/22/22 |
| PAu 4-126-127 | GH-ZCE | Registered | 1/31/22 |
| PAu 4-126-854 | GH-ZCN | Registered | 2/8/22 |
| PAu004127621 | GH-ZCV | Registered | 2/15/22 |
| PAu004133063 | GH-ZDCF-2 | Registered | 3/23/22 |
| PAu004130221 | GH-ZDE | Registered | 3/1/22 |
| PAu004131084 | GH-ZDN-2 | Registered | 3/7/22 |
| PAu004131809 | GH-ZDV | Registered | 3/8/22 |
| PAu004133562 | GH-ZEB | Registered | 3/29/22 |
| PAu004138187 | GH-ZECK | Registered | 4/26/22 |
| PAu004136224 | GH-ZEJ-2 | Registered | 4/7/22 |
| PAu004136869 | GH-ZES-2 | Registered | 4/13/22 |
| PAu004137289 | GH-ZEZ-2 | Registered | 4/20/22 |
| PAu004140921 | GH-ZFCH | Registered | 5/23/22 |
| PA0002357082 | GH-ZFG-2 | Registered | 5/10/22 |
| PAu004139800 | GH-ZFQ | Registered | 5/10/22 |
| PAu004140146 | GH-ZFX-2 | Registered | 5/18/22 |
| PA0002363507 | GH-ZGCE-2 | Registered | 6/24/22 |
| PAu004141090 | GH-ZGD | Registered | 5/26/22 |
| PA0002364671 | GH-ZGDA | Registered | 7/1/22 |
| PA0002360941 | GH-ZGM | Registered | 6/10/22 |
| PAu004142803 | GH-ZGU-3 | Registered | 6/15/22 |
| PAu004144480 | GH-220708 | Registered | 7/5/22 |
| PA0002366386 | GH-220715-2 | Registered | 7/15/22 |
| PAu004145099 | GH-220720 | Registered | 7/15/22 |
| PA0002367549 | GH-220722-2 | Registered | 7/24/22 |
| PAu004145688 | GH-220729-2 | Registered | 7/24/22 |
| PAu004146858 | GH-220805-2 | Registered | 8/5/22 |
| PAu004146991 | GH-220812-2 | Registered | 8/9/22 |
| PA0002371904 | GH-220819-2 | Registered | 8/21/22 |
| PA0002374130 | GH-220826-2 | Registered | 8/29/22 |
| PA0002375944 | GH-220902 | Registered | 9/10/22 |
| PA0002375947 | GH-220909-2 | Registered | 9/10/22 |
| PAu004153259 | GH-220916 | Registered | 9/15/22 |
| PAu004154455 | GH-220923-2 | Registered | 9/21/22 |
| PA0002381300 | GH-220930 | Registered | 10/10/22 |
| PA0002381301 | GH-221007-2 | Registered | 10/10/22 |
| PAu004157116 | GH-221014-2 | Registered | 10/10/22 |
| PA0002383549 | GH-221014-2 | Registered | 10/26/22 |
| PA0002383548 | GH-221021-2 | Registered | 10/26/22 |
| PAu004158714 | GH-221028-2 | Registered | 10/26/22 |
| PA0002386667 | GH-221104-2 | Registered | 11/11/22 |

| | | | |
|---|---|---|---|
| PA0002386666 | GH-221111-2 | Registered | 11/11/22 |
| PA0002387420 | GH-221118-2 | Registered | 11/18/22 |
| PA0002388105 | GH-221125-2 | Registered | 11/25/22 |
| PAu004161793 | GH-221202-2 | Registered | 11/30/22 |
| PAu004162728 | GH-221209-2 | Registered | 12/7/22 |